Steven S. Goldschmidt  FILED ELECTRONICALLY
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 596-9000

*Attorneys for Defendant Debevoise & Plimpton LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                                               :

SANGEETA KUMAR,                       :

                           Plaintiff,       :         08 CV 5222 (CM)

    -against-                          :

                                         :     **ANSWER OF DEFENDANT**
DEBEVOISE & PLIMPTON LLP,     :     <u>**DEBEVOISE & PLIMPTON LLP**</u>

                          Defendant.   :

                                         :
------------------------------------------------------ x

      Defendant Debevoise & Plimpton LLP ("Defendant" or "Debevoise"), by its attorneys, Ropes & Gray LLP, for its Answer to the Complaint of Plaintiff Sangeeta Kumar ("Plaintiff" or "Ms. Kumar"), respectfully alleges as follows:

      1.     Paragraph 1 of the Complaint contains legal citations to which no responsive pleading is required.

      2.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first sentence of paragraph 2 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 2 of the Complaint, and alleges that Ms. Kumar was employed by Defendant as a paralegal with

the title Senior Real Estate Practice Manager.  Ms. Kumar was eligible to earn an annual salary of $100,000 plus benefits, and had the opportunity to earn overtime pay.

     3.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the Complaint, except admits that Ms. Kumar took disability leave during her tenure at Debevoise and was terminated on May 7, 2007.

     4.     Defendant denies the allegations contained in paragraph 4 of the Complaint, and avers that Defendant's decision to terminate Ms. Kumar's employment was based solely on her poor work performance, both with respect to her duties as a paralegal and her relationships with her coworkers.

     5.     Paragraph 5 of the Complaint asserts legal conclusions to which no responsive pleading is required.

     6.     Paragraph 6 of the Complaint asserts legal conclusions to which no responsive pleading is required.

     7.     In response to the allegations contained in paragraph 7 of the Complaint, Defendant states that its business is located at 919 Third Avenue, New York, New York 10022. Paragraph 7 of the Complaint otherwise asserts legal conclusions to which no responsive pleading is required.

     8.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint, and alleges that on April 5, 2006, Ms. Kumar was hired by Defendant as a paralegal with the title Senior Real Estate Practice Manager. Ms. Kumar was eligible to earn an annual salary of $100,000 plus benefits, and had the opportunity to earn overtime pay.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first sentence of paragraph 12 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 12 of the Complaint, and alleges that the duties and responsibilities associated with paralegal positions at Debevoise, including the requirement that paralegals work both regular and overtime hours when necessary, were made clear to Ms. Kumar during the interview process.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint, and alleges that Ms. Kumar often refused to perform work during regular and overtime hours, and frequently failed to complete her assignments in a timely manner.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint, and alleges that in February 2007, Defendant granted Ms. Kumar a $3,000 bonus, a sum below that received by many other paralegals at Debevoise.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of the Complaint, except alleges that Ms. Kumar was out sick on January 22, 2007, and took January 23, 2007 through February 2, 2007 as sick leave. Ms. Kumar's sick leave was automatically converted to short-term disability leave on January 29, 2007.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint, and alleges that on May 7, 2007, a Debevoise representative called Ms. Kumar and informed her of her termination, a decision Defendant had reached months earlier.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint, and alleges that Ms. Kumar's short-term disability converted to long-term disability on July 21, 2007. Ms. Kumar remained out on long-term disability as of the commencement date of this action.

**Answer to First Claim**

23.     Defendant repeats and realleges each of its responses to paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.     Paragraph 24 of the Complaint asserts a legal conclusion to which no responsive pleading is required.

25.     Paragraph 25 of the Complaint asserts a legal conclusion to which no responsive pleading is required.

26.     Defendant admits the allegations contained in the first sentence of paragraph 26 of the Complaint.  The second sentence of paragraph 26 of the Complaint asserts a legal conclusion to which no responsive pleading is required.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint, and avers that Defendant has not unlawfully discriminated against Ms. Kumar.  Defendant's decision to terminate Ms. Kumar's employment was based solely on her poor work performance, both with respect to her duties as a paralegal and her relationships with her coworkers.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 29 of the Complaint, except avers that Defendant did not unlawfully terminate Ms. Kumar.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 30 of the Complaint, except avers that Defendant did not unlawfully terminate Ms. Kumar.

31. Defendant denies that Ms. Kumar is entitled to the relief requested in paragraph 31 of the Complaint.

### Answer to Second Claim

32. Defendant repeats and realleges each of its responses to paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Paragraph 33 of the Complaint asserts a legal conclusion to which no responsive pleading is required.

34. Paragraph 34 of the Complaint asserts a legal conclusion to which no responsive pleading is required.

35. Paragraph 35 of the Complaint contains a legal citation to which no responsive pleading is required.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint, and avers that Defendant did not violate Ms. Kumar's rights, or any laws, by terminating her employment. Defendant's decision to terminate Ms. Kumar's employment was based solely on her poor work performance, both with respect to her duties as a paralegal and her relationships with her coworkers.

37. Defendant denies that it violated any laws by terminating Ms. Kumar's employment and denies that Ms. Kumar is entitled to the relief requested in paragraph 37 of the Complaint.

### Answer to Third Claim

38. Defendant repeats and realleges each of its responses to paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39. Paragraph 39 of the Complaint asserts a legal conclusion to which no responsive pleading is required.

40. Paragraph 40 of the Complaint contains a legal citation, and asserts a legal conclusion, to which no responsive pleading is required.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint, and avers that Defendant did not violate Ms. Kumar's rights, or any laws, by terminating her employment. Defendant's decision to terminate Ms. Kumar's employment was based solely on her poor work performance, both with respect to her duties as a paralegal and her relationships with her coworkers.

42. Defendant denies that it violated any laws by terminating Ms. Kumar's employment and denies that Ms. Kumar is entitled to the relief requested in paragraph 42 of the Complaint.

**Answer to Prayer for Relief**

Defendant specifically denies that Plaintiff is entitled to the relief requested or to any relief as to any of the claims set forth in the Complaint.

**General Defenses**

Unless otherwise specifically admitted herein, each and every allegation contained in the Complaint is hereby denied.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Claims in the Complaint are barred by the statute of limitations.

**Third Affirmative Defense**

The claims asserted in the Complaint are barred by the doctrines of laches, estoppel and waiver.

**Fourth Affirmative Defense**

The claims asserted in the Complaint are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

Claims in the Complaint are barred for failure to exhaust administrative remedies with respect to some or all of Plaintiff's claims.

**Sixth Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, by reason of Plaintiff's failure to mitigate damages.

**Seventh Affirmative Defense**

The injury of which Plaintiff complains was proximately caused, in whole or in part, by Plaintiff.

**Eighth Affirmative Defense**

The proposed accommodation would cause Defendant undue hardship.

**Ninth Affirmative Defense**

Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of the job.

**Tenth Affirmative Defense**

To the extent any impermissible consideration affected Defendant's decision to terminate Plaintiff, the decision would have been the same even absent such consideration, and thus may not be the basis of liability.

**Eleventh Affirmative Defense**

At all times relevant to this matter, Defendant made good faith efforts to enforce an anti-discrimination policy.

**Twelfth Affirmative Defense**

Defendant reserves the right to amend this Answer and to assert any additional defenses, affirmative defenses or to supplement, alter or change this Answer, or to assert any counterclaims, upon ascertaining more definite facts during and upon completion of its investigation and discovery.

**Prayer for Relief**

Wherefore, Defendant asks that the Court dismiss Plaintiff's claims against it in their entirety, enter judgment in favor of Defendant, and grant Defendant such other relief as the Court deems just and proper.

Dated:   New York, New York
         July 3, 2008

Respectfully submitted,
ROPES & GRAY LLP

By /s/ Steven S. Goldschmidt

Steven S. Goldschmidt
1211 Avenue of the Americas
New York, New York 10036
(212) 596-9000

*Attorneys for Defendant*
*Debevoise & Plimpton LLP*